Although I concur with the majority in most of its opinion, I disagree with the majority's disposition of Appellants' third assignment of error that the trial court erred in failing to order the Dorciks to remove the barn from their property. A permanent injunction should be granted only where the act sought to be enjoined will cause immediate and irreparable injury to the complaining party and there is no adequate remedy at law.Lemley v. Stevenson (1995), 104 Ohio App.3d 126, 136. "The purpose of an injunction is to prevent a future injury, not to redress past wrongs."Id. The trial court determines whether an injunction is appropriate by balancing the equities between the parties. Rite Aid of Ohio, Inc. v.Marc's Variety Store, Inc. (1994), 93 Ohio App.3d 407, 418. Pursuant to the balancing analysis, the trial court is required "to consider and weigh the relative conveniences and comparative injuries to the parties which would result from the granting or refusal of injunctive relief."Miller v. W. Carrollton (1993), 91 Ohio App.3d 291, 296.
The decision whether to grant or deny a permanent injunction rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Garono v. State (1988),37 Ohio St.3d 171, 173. An "abuse of discretion" suggests more than an error of law or judgment and implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. Ritchhart v. Gleason
(1996), 109 Ohio App.3d 652, 659.
The Dorciks presented evidence that their barn had been built over the property line due to an innocent mistake about the location of survey pins. Because the Dorciks' barn was built at an angle in relation to the actual property line, the encroachment onto Appellants' 8.75-acre parcel of property was four feet at one corner, but it decreased to .7 foot at the other end of the barn's wall. Appellants presented no evidence that the encroachment was impeding the use of their property in any way. The Dorciks presented evidence that it would cost them over $60,000 to relocate their barn.
The trial court did not abuse its discretion by failing to order the Dorciks to move the barn, given that the encroachment was due to an innocent mistake, it was relatively minor considering the size of Appellants' property, it did not impede Appellants' use of their property, and the cost of relocation was substantial. Consequently, I would overrule Appellants' third assignment of error.